United States District Court
Southern District of Texas
**ENTERED**
December 31, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:01-CR-00249 |
| | § | |
| JESUS NMI BENITEZ-TORRES, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER

Defendant Jesus Benitez-Torres filed a petition for vacating sentence pursuant to Rule 60(b). (D.E. 224). Benitez-Torres cites "an error in the proceeding during both his direct appeal, and [sic] sentencing in his criminal case." *Id.* The Court DISMISSES Benitez-Torres's petition because Rule 60(b) has no application to his original criminal proceedings.

## PROCEDURAL BACKGROUND

Benitez-Torres was sentenced to 312 months in the Bureau of Prisons in 2002 for aiding and abetting in the transportation of an undocumented alien, illegal re-entry after deportation, and attempted murder. (D.E. 142). Judgment was entered on the docket on April 16, 2002. Benitez-Torres appealed, but the Fifth Circuit affirmed. (D.E. 143; D.E. 161; D.E. 162). He filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255 in April 2005 that this Court dismissed as time-barred and meritless. *See* (D.E. 179). Benitez -Torres sought a certificate of appealability ("COA") from the Fifth Circuit to appeal the dismissal of his first § 2255 motion, but the Fifth Circuit denied his application for a COA. (D.E. 198). The Supreme Court denied certiorari on October 10, 2007. (D.E. 202). Benitez-Torres filed a subsequent motion to vacate his sentence pursuant to 28 U.S.C. § 2255 and Rule 60(b)(6) on June 6, 2018. (D.E. 218). This Court likewise dismissed Benitez-Torres second 28 U.S.C. § 2255 motion as an unauthorized

second or successive motion and dismissed his Rule 60(b) claim as he failed to state a cognizable claim under Rule 60(b).

## ANALYSIS

The Federal Rules of Civil Procedure are applicable to federal habeas practice "only to the extent that they are not inconsistent with any statutory provisions or these rules." Rule 12, Rules Governing Section 2255 Proceedings for the United States District Courts (2017); *United States v. Flores*, 380 F.3d 371 at *1 (5th Cir., Feb. 8, 2010) (designated unpublished) ("Rule 60(b) applies only to civil cases and 'simply does not provide relief from a judgment in a criminal case.'"); United States v. O'Keefe, 169 F.3d 281, 289 (Dennis, J., dissenting from grant of motion for temporary stay pending appeal) ("Federal Rule of Civil Procedure 60(b), therefore, simply does not provide for relief from a judgment in a criminal case."); *United States v. Scott*, 199 F.3d 438, *1 (5th Cir., Oct. 19, 1999) (designated unpublished) ("Rule 60(b) is a rule of civil procedure designed to facilitate challenges to errors in civil judgments. The rule has no application to criminal convictions."). Thus Benitez-Torres's Rule 60(B) motion may only be considered by this Court if it attacks the resolution of his previous § 2255 motion, rather than the original criminal proceedings addressed in this filing. (D.E. 224). Rule 60 has no application to these original criminal proceedings. Such challenges may be made by a motion to vacate, set aside or correct sentence. To the extent his claims are cognizable at all, it is under § 2255.

If Benitez-Torres were to bring this claim under § 2255 that claim would be second and successive. In pertinent part, 28 U.S.C. § 2255(h) provides:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain –
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have

found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).

Where a claim is second or successive, the movant is required to seek, and acquire, the approval of the Fifth Circuit before filing a second § 2255 motion before this Court. *See Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000); 28 U.S.C. § 2244 (b)(3)(A) ("Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."). Benitez-Torres's motion does not indicate that he has sought or obtained permission from the Fifth Circuit to file the present motion. Until he does so, this Court does not have jurisdiction over the motion.

## CONCLUSION

For the foregoing reasons, Benitez-Torres's motion (D.E. 224) is DISMISSED.

SIGNED and ORDERED this 31st day of December, 2018.

_____
Janis Graham Jack
Senior United States District Judge